## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE MORELLO, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FORSTER, GARBUS & GARBUS, and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, WAYNE MORELLO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, FORSTER, GARBUS & GARBUS (hereinafter "FGG"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FGG is a law firm with offices located at 7 Banta Place, Hackensack, New Jersey 07601

8. Upon information and belief, FGG is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. FGG is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

A. all New Jersey consumers

B. who were sent one or more letters and/or notices from Forster, Garbus & Garbus, concerning a debt owed to DISCOVER BANK

C. that stated: "Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing."

D. where the underlying debt being collected was incurred primarily for personal, family or household use;

E. where the letter/notice bears a date from March 10, 2015 through the date of the filing of this Complaint.

The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. FGG collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. FGG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to March 3, 2017, Plaintiff allegedly incurred a financial obligation to Discover Bank ("DISCOVER").

18. DISCOVER is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. The alleged DISCOVER obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

14.     Sometime prior to March 3, 2017, DISCOVER, either directly or through intermediate transactions assigned, placed, or transferred the DISCOVER obligation to FGG.

15.     At the time the DISCOVER obligation was assigned, placed, or transferred to FGG, such obligation was in default.

16.     FGG, caused to be delivered to Plaintiff a letter dated March 3, 2017 concerning the alleged DISCOVER obligation, which stated a "BALANCE DUE as of March 3, 2017" of $2,231.58.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

17.     Only a portion of the $2,231.58 alleged to be due on the DISCOVER obligation represented principal.

18.     The March 3, 2017 letter was sent or caused to be sent by persons employed by FGG as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19.     The March 3, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20.     The March 3, 2017 letter stated in part:

This office has been authorized to advise you that a settlement of the above account can be arranged.  You are being offered a substantial discount off the current balance.  You may choose one of the three payment options as follows:

    A. One payment of $1,115.79, which we shall expect by March 29, 2017.

    B. Two payments of $613.69 each, totaling $1,227.38 which we shall expect by March 29, 2017, and April 29, 2017.

    C. Three payments of $446.32 each, totaling $1,338.96, which we expect by March 29, 2017, April 29, 2017, and May 29, 2017.

27.     The March 3, 2017 letter also stated:

> "Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing."

28.     Under 26 C.F.R. §1.6050P-1(d), only the discharge of principal needs to be reported:

> (2) <u>Interest</u>.  The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> (3) <u>Non-principal amounts in lending transactions</u>.  In the case of a lending transaction, the discharge of an amount other than stated principal is into required to be reported under this section.  For this purpose, a lending transaction is any transaction in which the lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

29. It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C.

30.     In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

31.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

32.     The language contained in the March 3, 2017 letter could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the creditor, in all circumstances, must report forgiveness of debt on a Form 1099-C.

33.     The language contained in the March 3, 2017 letter could be reasonably read to mean that the creditor will always report forgiveness of debt.

34. The language contained in the March 3, 2017 letter could be reasonably read to mean that the creditor may report any amount of debt forgiveness.

35. The least sophisticated consumer would understand the language contained in the March 20, 2017 letter to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

36. Although the Defendant had no duty to disclose any potential tax ramifications, when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

37. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

38. The least sophisticated consumer could understand the language in the March 3, 2017 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

39. Alternatively, the least sophisticated consumer could understand that he may have to pay a certain amount in order to avoid IRS reporting.

40. The least sophisticated consumer could also read the March 3, 2017 letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

41. The least sophisticated consumer could also read the March 3, 2017 letter to mean that the amount of the savings resulting from the settlement option would be the amount that was discharged.

42. The least sophisticated consumer could also read the March 3, 2017 letter to mean that the entire debt that is being resolved as a result of the settlement is the amount that is discharged.

43. The least sophisticated consumer could also read the March 3, 2017 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

44. The language in the March 3, 2017 letter is ambiguous, vague and deceptive.

45. A consumer reading the language in the March 3, 2017 letter will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because according to IRS regulations, the creditor "will not" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

46. The creditor should also specify what amount of the total alleged to be due is principal and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

47. The language contained in the March 3, 2017 letter is an attempt by the debt collector to make the debtor think that the IRS regulations requires the reporting of forgiveness

of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

48.  The language contained in the March 3, 2017 letter suggests to the least sophisticated consumer that paying less than the total amount claimed will cause consequences with the IRS.

## POLICIES AND PRACTICES COMPLAINED OF

49.  It is FGG's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)  Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)  Using unfair or unconscionable means to collect or attempt to collect any debt; and

50.  On information and belief, FGG has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51.  Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

52.  Collection letters and/or notices, such as those sent by the FGG, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

53.  FGG's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

54.  FGG's letters were designed to cause the least sophisticated consumer to be confused.

55. FGG's letter was designed to cause the least sophisticated consumer to believe that it was in his or her best interest to settle their debts so that there was less than the balance remaining.

56. The content of FGG's letter was designed to cause the least sophisticated consumer to be confused as to the consequences of settling the debt.

57. FGG engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

58. FGG engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

59. FGG violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

60. FGG violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

61. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e. See, <u>Balon v. Enhanced Recovery Co.</u> 2016 U.S. Dist. LEXIS 72142 (M.D. Pa. June 2, 2016); <u>Velez v. Enhanced Recovery Company, LLC</u>, 2016 U.S. Dist. Lexis 57832 (E.D. Pa. May 2, 2016) and <u>Good v. Nationwide Credit, Inc.</u>, 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014).

62. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. The inclusion of the language in the collection letter is the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

64. FGG's conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

65. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

66. FGG's conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

70. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

71. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

72. Plaintiff suffered an informational injury due to Defendant's violation of 15 U.S.C. 1692e *et seq.*, of the FDCPA.

73. Plaintiff suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. 1692f *et seq.* of the FDCPA.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d)   Pre-judgment interest;

(e)   Post judgment interest; and

(f)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)   Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

**FORSTER, GARBUS & GARBUS**
*Attorneys at Law*

Ronald Forster Adm. in NY Only
Mark A. Garbus Adm. in NY Only
Glenn S. Garbus Adm. in NJ, CT & NY

60 Motor Parkway
Commack, NY 11725-2992

**PERSONAL & CONFIDENTIAL**

March 3, 2017

BALANCE DUE as of March 3, 2017 ▸ $2,231.58
Reference Number ▸ XXXXXXXXXX8976
Account Number ▸ XXXXXXXXXXXX8976
Re ▸ Creditor to Whom Debt is Owed: DISCOVER BANK

1-877-207-5181
1-877-319-6846 Ext. 656
Representative Name: MR MORROW
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: ▮▮▮366

WAYNE MORELLO

Dear Wayne Morello,

This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
A. One payment of $1,115.79, which we shall expect by March 29, 2017.
B. Two payments of $613.69 each, totaling $1,227.38 which we shall expect by March 29, 2017, and April 29, 2017.
C. Three payments of $446.32 each, totaling $1,338.96, which we shall expect by March 29, 2017, April 29, 2017, and May 29, 2017.

Please note that we are not obligated to repeat this offer.

Please return the bottom portion of this letter with your selection checked to confirm your settlement choice. If you are unable to take advantage of the above settlement opportunities, please contact this office so we may arrange a payment plan on the account.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.
Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax adviser of your choosing.
Please mail all correspondence and payments to the address listed below.

Please visit our website, www.fggnj.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

Office Location:  7 Banta Place • Hackensack, NJ 07601-5604

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER, GARBUS & GARBUS** as attorneys AND RETURN COUPON WITH PAYMENT TO 60 MOTOR PARKWAY, COMMACK, NY 11725-5710 IN ENCLOSED ENVELOPE

Please select a payment option: ☐ A   ☐ B   ☐ C

WAYNE MORELLO

BALANCE DUE as of March 3, 2017 ▸ $2,231.58
Reference Number ▸ XXXXXXXXXX8976

Re ▸ DISCOVER BANK

Rep. Code ▸ 
Date ▸ March 3, 2017

➔ Please Note Current      BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

Cell Phone # _____  _____

XXXXXXXXXX8976

Forster, Garbus & Garbus
60 MOTOR PARKWAY
COMMACK, NY 11725-5710

FGGST3   FG.wfd
FGGST3.V4
743684
00002992
Page 1 of 1